WOODREY v. COUNTY BOARD OF EDUCATION OF BUTLER
CO. ET AL.

*Schools—Transfer of territory by county board of education—
Section 4692, General Code—Transfer from three dis-
tricts under one resolution and one map—Remonstrance
by electors of two districts or majority of territory—
Transfer from district not filing remonstrance, enjoined—
Board required to deal with each district separately.*

Under Section 4692, General Code, as amended by Act May
27, 1915 (106 Ohio Laws, p. 397), authorizing county
board of education to transfer part or all of school
district to adjoining district, if map of territory to be
transferred was filed, and notice given, and if majority
of electors ·in territory did not file remonstrance, where
a proceeding to transfer territory from three school dis-
tricts was by one resolution and one map, and majority
of electors of whole territory filed remonstrance, *held*
transfer of territory of district from which there were
no remonstrants would be enjoined, especially as board
of education was required to deal with school districts
separately, and as map filed could not be considered as
three separate maps.

(Decided May 3, 1926.)

APPEAL: Court of Appeals for Butler county.

*Mr. Warren Gard,* for plaintiff.
*Mr. P. P. Boli,* for defendants.

HAMILTON, J.. This case is here on appeal from
a decree of the court of common pleas granting
a permanent injunction against the board of educa-
tion of Butler county; Ohio, and the auditor and
treasurer of Butler county. The injunction per-
petually enjoined the board of education from

transferring certain territory in special school district No. 10, Madison township, Butler county, Ohio, to Trenton village school district, in Butler county, Ohio, and enjoined the auditor and treasurer from placing the lands of special school district No. 10 on the tax duplicate, and collecting the taxes therefrom in the Trenton village school district.

It appears from the record that the board of education sought to transfer territory from three different districts to the Trenton village school district, all in Butler county; that the territory sought to be transferred was taken a part from special school district No. 10, Madison township, a part from Busenbark district, No. 6, and a part from Madison township district, outside of district No. 10.

The proceeding to transfer the territory from the three school districts was by one resolution and one map filed with. the auditor, and notices given in accordance therewith.

It appears that within the time prescribed by law the electors of Madison township, outside of Madison special district No. 10, and electors of Busenbark, filed a remonstrance against the transfer of the territory designated on the map.

There were no remonstrants from Madison township district No. 10.

It is stipulated that the remonstrance filed contains the names of a large majority of the electors of the whole territory sought to be transferred. It appears that the county board did not consider the remonstrance as affecting that part of the territory sought to be transferred contained in Madison township, district No. 10, and thereupon pro-

ceeded to transfer district No. 10 to the Trenton district: It is contended by the defendant that under the law the remonstrance did not affect the territory of Madison township, district No. 10, since no remonstrances came from that part of the territory.

The law authorizing the board of education to make transfers of territory from one school district to another is found in Section 4692, General Code, as amended in 106 Ohio Laws, 397, the pertinent part of which reads:

"The county board of education may transfer a part or all of a school district of the county school district to an adjoining district or districts of the county school district. Such transfer shall not take effect until a map is filed with the auditor of the county in which the transferred territory is situated, showing the boundaries of the territory transferred, and a notice of such proposed transfer has been posted in three conspicuous places in the district or districts proposed to be transferred, or printed in a paper of general circulation in said county, for ten days; nor shall such transfer take effect if a majority of the qualified electors residing in the territory to be transferred, shall, within thirty days after the filing of such map, file with the county board of education a written remonstrance against such proposed transfer."

The territory sought to be transferred, as above stated, while composed of territory from three school districts, is described in one map, showing the boundaries of the whole territory sought to be transferred. If the preliminary proceedings of the board should be considered sufficient under the

law, under the plain reading of the statute, the remonstrance prevents the transfer of the territory designated on the map.

It is argued that if the remonstrance affects the whole territory the electors of one district prevent the transfer of territory of another district, or of a part of a district, that the electors therein desire transferred. The answer to that is that the rights of the several districts cannot be permanently affected, for the reason that at any time by action of the board, or by petition of the electors of such district, territory could be transferred without affecting any other territory. So that the rights of the electors of a certain district, to be transferred, are fully protected.

Moreover, Section 4692 provides: "The county board of education may transfer a part or all of a school district of the county school district," etc.

The section does not say that the school board may transfer a part or all of a school district, or two or more school districts. It says, "a part or all of a school district." This language, if it means what it says, means that each school district must be dealt with separately.

It is suggested by counsel for the school board that the map filed in this action might be considered as three separate maps, affecting each district separately. This would be a strained construction. The map does not separately show the territory of these separate school districts, but is a map showing the whole of the territory sought to be transferred, made up from the three

App.]                 State   v.   Stockman.

several districts. The transfer could not, there-
fore, be upheld on this proposition.

The injunction will be decreed, as prayed for.

*Injunction allowed.*

BUCHWALTER, P. J., and CUSHING, J., concur.